IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                        No. CIV S-08-2810 KJM

    vs.

HIGH DESERT STATE PRISON,

    Defendant.                 <u>ORDER</u>

                                     /

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has filed two motions for a temporary restraining order or preliminary injunction, asking the court to order defendants to provide him adequate care and treatment for his medical conditions. Plaintiff specifically avers that he is not receiving medicine or medical appliances for acute pain and for methicillin resistant staphylococcus aureus (MRSA).

        On May 15, 2009, the court ordered that the nature of the claims in the first motion for injunctive relief required a prompt response from the defendants, even though they had not yet been served with the complaint in this action. The defendants filed a response, but an attached letter from the prison chief medical officer, addressing the allegation that plaintiff's treatment for methicillin resistant staphylococcus aureus (MRSA) is inadequate, was not signed. The court struck the attachment and gave leave for a resubmission.

1

 The defendants have now filed a declaration, signed under penalty of perjury, by the chief medical officer of High Desert State Prison, where plaintiff is housed.  In it the medical officer states that plaintiff "did have a light growth of methicillin resistant staphylococcus aureus (MRSA) in July 2008.  This was completely treated with a combination of Rifampin and Trimethoprim-Sulfamethoxazole.  There is no evidence of recurrence."  Declaration of D. Swingle, M.D. (docket 29), ¶ 6.

 Plaintiff has filed an objection to the chief medical officer's declaration (see docket no. 31), but he offers no evidence that he still has MRSA or that it is going untreated.  To the contrary, the documents attached to his objection are from June 2008, and the declaration of the chief medical officer states that treatment for MRSA began in July 2008.  Plaintiff offers no evidence that there has been a recurrence of MRSA since then.

 The purpose in issuing a temporary restraining order often is to preserve the status quo pending a fuller hearing.  However, when a party seeks a mandatory injunction, which "goes well beyond simply maintaining the status quo," the party must show that the facts and the law clearly favor his position.  Stanley v. University of Southern California, 13 F.3d 1313, 1320 (9th Cir. 1994).  Plaintiff here seeks the latter, by asking for an affirmative order from the court requiring a change in the medical treatment given him by the defendants.

 The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders which are ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy

are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

As detailed above, plaintiff's objection to the chief medical officer's sworn declaration does not contain any evidence that there has been a recurrence of MRSA that has not been treated. None of the other allegations in either of his motions for injunctive relief rises to the standard of "a significant threat of irreparable injury," and there is no evidence that such a threat currently exists. Therefore the motions for preliminary injunction or a temporary restraining order will be denied. In so ruling, of course, the court offers no opinion or analysis of the merit of the claims presented in the amended complaint.

Accordingly, IT IS HEREBY ORDERED that the motions for preliminary injunction or for a temporary restraining order (docket nos. 23 and 30) are denied.

DATED: July 13, 2009.

_____
U.S. MAGISTRATE JUDGE

4
holl2810.47