IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

      Plaintiff,                          No. CIV S-08-2810 KJM P

      vs.

HIGH DESERT STATE PRISON, et al.,

      Defendant.                    ORDER

_____/

        Plaintiff has requested an extension of time in which to comply with the court's order of July 13, 2009, in which the court instructed plaintiff to submit eighteen copies of the amended complaint. See docket no. 32. Good cause appearing, the request will be granted.

        Plaintiff also moves the court for access to the prison library. He alleges that prison officials have restricted or denied him ordinary access, and that the restrictions are the reason for his inability to make the copies required by the order of July 13. The court expects the extension of time granted herein to be sufficient for plaintiff to finish making the necessary copies. However, should plaintiff, at the end of the time granted, still require more time because of unwarranted restrictions on his access to the prison library, plaintiff may file another motion for additional time along with a request for relief that is tailored to facilitate ordinary access to the library.

1

Plaintiff has also moved for the return of his legal property and materials. The motion is not specific as to the nature of the property and materials that prison officials are allegedly withholding, but they appear to be materials that plaintiff believes are necessary to pursue this legal claim. An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). This right encompasses more than access to an adequate law library: it includes access to "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Id. at 824-25. To prevail, however, it is not enough for an inmate to show some sort of denial: he must also show "actual injury" from the denial or delay of services. The Supreme Court has described the actual injury requirement:

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996). If prison officials have denied this plaintiff legal materials, that denial has not blocked plaintiff from filing the instant motion or the numerous other requests for relief that have recently preceded it. Without more specificity from plaintiff as to the nature of the alleged deprivation, and with no injury from any deprivation apparent, the motion for return of his legal property will be denied.[1]

/////

---

[1] Plaintiff does not name the prison officials who are allegedly withholding legal materials from him. As a general rule, this court is unable to issue an injunctive order against individuals who are not parties to the suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Likewise, if the injury caused by the alleged deprivation of legal materials hinders plaintiff from pursuing a claim other than the one alleged in this case, the deprivation and injury are not redressable in this case.

1       Additionally, plaintiff has renewed his motion for the appointment of counsel. The court previously denied a similar request. See docket no. 33. There has been no change in the posture of this case to warrant appointment of counsel, which is available only in exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Therefore the motion for appointment of counsel will be denied.

      Accordingly, IT IS HEREBY ORDERED that:

      1. The motion for an extension of time (docket no. 38) is granted. Plaintiff has thirty days from the entry of this order in which to file copies of the complaint in compliance with the court's order of July 13, 2009;

      2. The motion for access to the prison library (docket no. 38) is denied without prejudice;

      3. The motion for appointment of counsel (docket no. 38) is denied without prejudice; and

      4. The motion for return of legal property is denied (docket no. 38) without prejudice.

DATED: August 21, 2009.

_____
U.S. MAGISTRATE JUDGE

4
holl2810.eot2.wpd