IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                  No. CIV S-08-2810 KJM P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendant.               ORDER

_____/

          Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has filed three motions to reconsider various orders issued by the court. First, plaintiff objects to an order that denied the appointment of counsel and denied his request for leave to file an amended complaint. See Docket No. 35. Second, plaintiff objects to an order denying his requests for injunctive relief based on his allegation that he is not receiving medicine or medical appliances for acute pain and for methicillin resistant staphylococcus aureus (MRSA). See Docket No. 36. Third, plaintiff objects to the denial of his request for injunctive relief based on allegations that he was being denied access to the prison library and deprived of his legal property and materials. See Docket No. 41.[1] Finally, plaintiff has renewed his motion for

---

[1] In this latest motion to reconsider, plaintiff asks that his previous requests be reviewed by a district judge, but he has already consented to the jurisdiction of the magistrate judge

1

appointment of counsel.  See Docket No. 42.

First, plaintiff has made no showing that would cause the court to reverse its denial of appointment of counsel at this stage of the proceedings.  As reflected in previous orders in this case, the court's denial was without prejudice, so that the court may revisit the necessity of appointing counsel if and when procedural or factual circumstances of the case warrant.  Since plaintiff last requested counsel, the time has not expired for defendants to be served with the complaint.  This case thus remains in the early stages, and no new circumstances exist to cause the court to revisit whether counsel should be appointed plaintiff.

Plaintiff has also made no showing to justify reconsidering the denial of injunctive relief based on allegations of inadequate medical treatment for MRSA and other maladies that require various medical appliances.  The court ordered a pre-answer response to those allegations (see Docket Nos. 22 and 27) and received a sworn statement from the chief medical officer of High Desert State Prison, where plaintiff is housed, that plaintiff's MRSA was treated and there had been no recurrence.  See Docket No. 29.  The chief medical officer also stated that plaintiff had been provided all his necessary medical appliances, except for one, an egg crate mattress, which was discontinued because plaintiff had used it to blockade his cell door.  Id.  Plaintiff offers no substantive rebuttal to these showings by the prison's chief physician.

Some of plaintiff's allegations in his complaint regarding his medical treatment are similar to those he averred as the basis of extraordinary injunctive relief.  The court expresses no opinion on the merit of those allegations as the basis for money damages or other post-judgment relief under § 1983.  However, as stated in the original order (Docket no. 34), plaintiff has not met the much higher standard of evidence required for a temporary restraining order or preliminary injunction at this stage.  Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374 (9th Cir. 1985).  "[P]laintiff must demonstrate that there exists a significant threat of

---

assigned to this case.  See Docket No. 8.  Because service on the defendants remains pending, the magistrate judge's decisions are, at this stage, not appealable to a district judge.

irreparable injury." Oakland Tribune, 762 F.2d at 1376. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Plaintiff's motion to reconsider the denial of his request for injunctive relief based on allegations that he had been denied access to the prison library and deprived of his legal property and materials only alleges "bias or prejudice" on the part of the magistrate judge. Mot. (Docket No. 41) at 2, 4-5. He has made no showing that the denial without prejudice was clearly erroneous in fact or as a matter of law. To the contrary, plaintiff's numerous filings in this case – including, significantly, plaintiff's submission of the last twelve copies of the amended complaint necessary to effect service on all twenty defendants – show that his access to this court while incarcerated is reasonably open at this stage.

Finally, plaintiff objects to the denial of two requests to file a second amended complaint, both of which he submitted after the court had screened his first amended complaint and ordered that service was appropriate for twenty named defendants. See Screening Order (Docket No. 14). First he sought to correct the spelling of the names of two defendants and to identify one of the original Doe defendants as Nurse Punt. See Docket No. 19. He later averred that his first amended complaint was "inartfully pleaded," even though the court had already screened it and found it acceptable under 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 8(a). See Docket No. 23. Since then, plaintiff has correctly spelled the names of the two defendants on the service documents that have been submitted to the U.S. Marshal. Therefore, there is no prejudice that will accrue as a result of his original misspelling of those defendants' names.

As for the newly named Doe defendant, Nurse Punt, plaintiff does not state that the substance of any of his claims would be altered if that person is not included in the first amended complaint that has now been submitted to the U.S. Marshal for service on the other twenty defendants. See Docket No. 45. If the court allowed amendment now for the sole

purpose of identifying that defendant, both time and resources would be wasted as plaintiff would be required to submit twenty new copies of the lengthy first amended complaint and exhibits attached thereto, and the Marshal would be required to re-start the service of process on twenty individuals. Moreover, the court has already found that the first amended complaint adequately pleads plaintiff's claims, so no prejudice will result from serving that complaint. However, plaintiff is entitled to name a Doe defendant whom he has belatedly identified through no dilatory effort of his own and to otherwise amend his claims "when justice so requires." Fed.R.Civ.P. 15(a)(2) (leave to amend should be "freely granted"). Judicial economy and justice are therefore best served by allowing plaintiff to seek leave to file a second amended complaint <u>after</u> the U.S. Marshal has filed proof of service (or failure thereof) on the twenty defendants named in the first amended complaint. Plaintiff is advised that, when that time comes, he should submit with any motion a copy of the proposed amended complaint for the court's review.

Accordingly, IT IS HEREBY ORDERED that:

1. The motions for reconsideration (Docket Nos. 35, 36 and 41) are denied without prejudice;

2. The motion to appoint counsel (Docket No. 42) is denied without prejudice; and

3. Plaintiff may move the court to file a second amended complaint after the U.S. Marshal has filed proof of service (or failure thereof) on the twenty defendants named in the first amended complaint.

DATED: November 20, 2009.

_____
U.S. MAGISTRATE JUDGE

4
holl2810.order3