IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS

     Plaintiff,                    No. CIV S-08-2810 KJM P

     vs.

HIGH DESERT STATE PRISON, et al.

     Defendant.                ORDER

_____/

         Plaintiff is a prisoner proceeding with an action under 42 U.S.C. § 1983. He has filed a motion for preliminary injunction or temporary restraining order. See Docket No. 49. This is plaintiff's third such motion. See Docket Nos. 21 and 30. In his first two motions, plaintiff alleged that officials at High Desert State Prison were denying him medication and medical appliances for acute pain and for methicillin resistant staphylococcus aureus (MRSA). Although the defendants had not yet been served, the court ordered a response because of the potentially grave nature of the allegations. After receiving that response, the court found that there was no evidence that there had been a recurrence of MRSA that had not been treated. See Order at 3 (Docket No. 34). The court further found that "[n]one of the other allegations in either of [plaintiff's] motions for injunctive relief rises to the standard of 'a significant threat of irreparable injury,' and there is no evidence that such a threat currently exists." Id.

The instant motion for injunctive relief omits any mention of MRSA and focuses on plaintiff's allegations that his acute back pain is going untreated. The sole document submitted in support of the renewed motion is an assessment from Dr. J. Walker dated October 1, 2008. That assessment does make certain recommendations for pain medication and management. However, the sworn statement submitted by the chief medical officer in compliance with the court's previous order for a preliminary response sheds light on why some of those recommendations have not been fully carried out. Of particular note is the officer's statement that plaintiff refused to sign a controlled substances agreement required for a prescription for Tramadol, the very pain medication that plaintiff now demands in his latest motion for a temporary restraining order. See Decl. of D. Swingle ¶ 4. The officer also states that plaintiff has "refused specialty appointments, primary care appointments and nursing triage appointments stating that they 'don't meet with his scheduling requirements' or that he 'didn't feel like going.'" Id. ¶ 5.

Plaintiff does not dispute the chief medical officer's statement that plaintiff has refused to cooperate with the administration of his recommended medication. In fact, plaintiff provided the court with a record of his refusal in his first motion for injunctive relief. See Pl.'s First Mot. (Docket No. 21), Ex. C at 40. Plaintiff's only explanation for his refusal is his own conclusion that the controlled substances agreement "is not an approved CDCR form nor approved by the health care receiver and is not inmate friendly but for the purpose to deny medication." Id. at 6. There is no evidence to substantiate this explanation.

To obtain preliminary injunctive relief, "plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). As before, plaintiff has not met the heightened standard of evidence required for a temporary restraining order or preliminary injunction at this stage. The allegations of the instant motion do not substantially depart from the allegations of the previous two motions for injunctive relief, nor does the assessment from Dr. Walker evince a medical

1 condition that, left untreated, would carry "a significant threat of irreparable injury."
2 Furthermore, the sworn statement already submitted by the prison's chief medical officer and
3 plaintiff's own submission that he has refused the treatment he now demands adequately answer
4 the present allegations; there is no need to order another response from the prison's medical
5 officials. In the absence of a significant showing of possible irreparable harm, the court need not
6 reach the issue of likelihood of success on the merits of this motion. Id.

As noted, this is plaintiff's third attempt to obtain preliminary injunctive relief on essentially the same allegations that his back pain is not being treated. Plaintiff also sought reconsideration of the denial of the first two motions. See Docket No. 36. Plaintiff's complaint contains the same allegations. As the court has previously stated, the rulings on plaintiff's motions for injunctive relief presuppose nothing about the merit of the claims in plaintiff's complaint. See Order (Docket No. 34) at 3. Plaintiff has established a pattern of filing duplicative motions that, if continued, will constitute an abuse of his right to avail himself of this court's process. Plaintiff is warned, therefore, that further duplicative filings will subject him to sanctions.

Accordingly, IT IS HEREBY ORDERED that the motion for preliminary injunction or temporary restraining order (Docket No. 49) is denied.

DATED: December 16, 2009.

_____
U.S. MAGISTRATE JUDGE

4
holl.ord4.tro