IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,　　　　　　　　　　No. 2:08-cv-2810 KJN P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.　　　　　　　　　<u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On May 24, 2010, plaintiff filed his second request for an extension of time to file an opposition to defendants' March 17, 2010 motion to dismiss. On June 2, 2010, the court ordered defendants to respond to plaintiff's filing. After receiving an extension of time, defendants filed their response on June 18, 2010.

        Plaintiff seeks a second extension of time to oppose defendants' March 17, 2010 motion to dismiss based on prison officials' refusal to photocopy his opposition because it exceeds 100 pages. Plaintiff provided a copy of his photocopy request, along with a completed form explaining his need for copying 119 pages. (Dkt. No. 69 at 3, 4.) Plaintiff seeks physical access to the law library to make the necessary photocopies.

////

1    Defendants aver that plaintiff's physical access to the law library has been barred
2 based on his threats against law library staff.  However, plaintiff is provided access to law library
3 materials through the library paging system.  Thus, plaintiff's request for physical access to the
4 law library will be denied.

5    Defendants have provided the declaration of R. Moser, Vice Principal at
6 California State Prison-Corcoran, who is in charge of the law libraries on Facilities 4A and 4B.
7 Defendants confirm that legal documents may be photocopied, so long as they do not exceed 50
8 pages in total length, except when necessary to advance litigation.  (Moser Decl. at 2, citing Cal.
9 Code Regs. tit. 15 § 3062(c); DOM § 101120.15.)  If the document exceeds 50 pages, plaintiff
10 must provide a written explanation for the excess document length to designated staff.  (Id. at 2-
11 3.)  However, if the document submitted for photocopying exceeds 100 pages, plaintiff must
12 obtain a court order directing the photocopying.  (Id. at 3, citing DOM § 101120.15.)

13    Defendants state that "[l]aw library staff members are trained and instructed to
14 diligently maintain a log of all inmate requests for photocopying services."  (Response at 3.)
15 Moser's declaration states that a review of plaintiff's law library file by library staff revealed no
16 such requests for photocopying.  (Moser Decl. at 3.)  Defendants argue plaintiff "should not be
17 allowed to circumvent prison rules by immediately appealing to the district court."  (Response at
18 3.)

19    However, review of plaintiff's request demonstrates plaintiff is seeking to copy
20 119 pages.  (Dkt. No. 69 at 4.)  Defendants confirm that the prison law library will not photocopy
21 documents exceeding 100 pages absent a court order.  Thus, the court finds plaintiff's request to
22 photocopy 119 pages necessary to advance this litigation.  Defendants' motion to dismiss was
23 filed in March, and this court will not entertain any further delay.[1]  R. Moser shall designate a

---

[1] Review of the court's docket reflects this is not the first time this case has been delayed based on plaintiff's failure to obtain photocopies necessary to advance this litigation. (Dkt. No. 38.) (Delay occurred at High Desert State Prison.)  While the court appreciates defendants' position that

staff person at the California State Prison - Corcoran law library to photocopy plaintiff's opposition forthwith.[2] Counsel for defendants will be directed to ensure designated law library staff at California State Prison - Corcoran timely photocopy plaintiff's opposition.

It appears from plaintiff's photocopy request form that he sought four copies of his opposition. However, plaintiff needs one copy to serve on counsel for defendants, one to retain in his files, and one to submit to the court with his original opposition. Thus, the court will direct that plaintiff be provided three photocopies of his opposition.

On June 14, 2010, plaintiff filed an opposition to defendants' request for extension of time and requested sanctions. In light of the extensions of time granted plaintiff, he is unable to demonstrate prejudice from the nine day extension granted defendants. Thus, plaintiff's June 14, 2010 request for sanctions will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 24, 2010 request for physical access to the law library is denied. (Dkt. No. 69.)

2. Plaintiff's request to photocopy 119 pages is necessary to advance this litigation. R. Moser shall designate a staff person at the California State Prison - Corcoran law library to provide plaintiff with three photocopies of plaintiff's 119 page opposition forthwith.

3. Counsel for defendants shall ensure that designated staff at the law library at California State Prison - Corcoran timely photocopy plaintiff's opposition.

4. Plaintiff's May 24, 2010 request for an extension of time is granted. (Dkt. No.

---

photocopying is a "privilege" that should not be abused, prisoners proceeding without counsel must be allowed to timely prosecute their actions.

[2] The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

69.)

5. Plaintiff is granted thirty days from the date of this order in which to file an opposition to defendants' motion to dismiss.

6. Defendants' reply to the opposition to the motion to dismiss, if any, shall be filed seven days after the opposition is filed.

7. No further extensions of time will be granted for either party.

DATED: June 23, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2810.36sec