IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                     No. 2:08-cv-2810 KJN P

    vs.

ROBIN DEZEMBER, et al.,         ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Defendants have filed a motion to declare plaintiff a vexatious litigant and require plaintiff to post security before this action may proceed.  Plaintiff has filed an opposition.

        Pursuant to federal statute, a federal court may authorize a plaintiff to proceed without prepayment of costs and fees where he provides an affidavit demonstrating he is unable to afford the costs of suit.  28 U.S.C. § 1915.  Any action brought under this statute may be dismissed by the court if the action is frivolous or malicious.  28 U.S.C. § 1915(d); see also Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984).  The in forma pauperis ("IFP") statute is widely employed by state prison inmates who challenge the conditions of their confinement under the Civil Rights Act, 42 U.S.C. § 1983.  See Procup v. Strickland, 792 F.2d 1069 (11th

1

Cir. 1986). However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Moreover, plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed an excessive number of cases. See DeLong v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989).

As a result of the number of civil rights cases brought by prisoners under the IFP statute, federal courts have devised administrative and procedural methods for handling the volume of cases brought by incarcerated pro se litigants. Procup, 792 F.2d at 1071. Prior to the enactment of the Prison Litigation Reform Act of 1996, the lack of any financial disincentive for filing lawsuits resulted in an increase in the number of prisoner litigants who individually filed several or even dozens of lawsuits. Courts that spent excessive time and efforts on such suits fashioned remedies to conserve their resources while maintaining the litigant's right of access to the court. See Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); West v. Procunier, 452 F.2d 645 (9th Cir. 1971).

In DeLong, the Ninth Circuit addressed the problem of maintaining the balance between providing appropriate and sufficient access to the court, on the one hand, while at the same time preventing court abuse by in forma pauperis litigants filing multiple actions. The court held that "orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." DeLong, 912 F.2d at 1149.

As noted by defendants, the Eastern District has adopted California law relating to

vexatious litigants and the posting of security for costs:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b). "Vexatious litigant" is defined as:

> (b) "Vexatious litigant" means a person who does any of the following:
>
> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

California Code of Civil Procedure § 391(b). Section 391.1 governs a motion for order requiring security and sets forth the grounds required to obtain such an order:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish

> security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.

California Code of Civil Procedure § 391.1.

By separate findings and recommendations, the court has recommended that defendants' motion to dismiss plaintiff's claims as unexhausted be granted in part and denied in part. At this juncture, the court cannot determine that there is no reasonable probability that plaintiff will prevail in this action against any defendant. Accordingly, defendants' motion to declare plaintiff a vexatious litigant will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that defendants' September 22, 2010 motion to declare plaintiff a vexatious litigant (dkt. no. 85) is denied without prejudice.

DATED: October 19, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2810.vex