IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN HOLLIS,

      Plaintiff,                              No. 2:08-cv-2810 GEB KJN P

    vs.

KOLLER, et al.,                              <u>ORDER</u>

      Defendants.

                                 /

          Plaintiff is a state prisoner proceeding without counsel with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges, inter alia, that defendants were deliberately indifferent to his serious medical needs. On December 29, 2010, the court issued a scheduling order setting the discovery deadline for April 15, 2011, but providing that all requests for discovery shall be served not later than sixty days prior to that deadline. (Dkt. No. 103.) On February 28, 2011, plaintiff filed a motion to modify the scheduling order based on his recent hospitalizations and an inability to obtain ink to complete his discovery requests. (Dkt. No. 106 at 1.) Plaintiff contends he requires an extension of the discovery deadline so he can propound requests for admissions and interrogatories to defendants.

          However, on March 4, 2011, plaintiff filed a motion for summary judgment.

////

1  On March 16, 2011, defendants filed a request for extension of time to oppose
2  plaintiff's motion for summary judgment, presently due March 22, 2011.  Counsel for defendants
3  states he was assigned to this case less than two months ago after previous counsel left the office.
4  By early morning of March 18, 2011, defendants had not filed an opposition or other response to
5  plaintiff's motion to extend the discovery deadline, although the response is not due until March
6  21, 2011.  Local Rule 230(*l*).

7  However, plaintiff's filings are inconsistent.  If plaintiff still needs to propound
8  discovery, his motion for summary judgment is premature.  Indeed, the dispositive motion
9  deadline does not run until July 8, 2011.  In light of this inconsistency, the court will deny both of
10 plaintiff's motions without prejudice to their renewal.  Plaintiff shall file, within twenty-one days
11 from the date of this order, the attached "Notice of Renewal of Motion," asking the court to
12 renew the appropriate motion.  Plaintiff does not have to re-file either motion; the notice of
13 renewal will serve to put defendants on notice of the motion plaintiff intends to pursue.

14 If plaintiff opts to pursue the motion to extend the discovery deadline, defendants
15 shall file a response within twenty-one days after plaintiff files his notice of renewal.  Plaintiff is
16 cautioned, however, that the court may take judicial notice[1] of any other civil rights action he is
17 pursuing in any federal court to determine whether he has been unable to diligently pursue
18 discovery as required by the December 29, 2010 discovery and scheduling order.  As an example,
19 defendants' opposition to plaintiff's discovery motion filed in Hollis v. Gorby, 2:09-cv-1627
20 DAD (TEMP) (Dkt. No. 49), includes a two and a quarter page chart listing documents plaintiff
21 has filed in federal courts between November 1, 2010, and February 28, 2011.  At present,
22 plaintiff has seven civil rights actions pending in the Eastern District.
23 ////

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

If plaintiff opts to pursue the motion for summary judgment, defendants shall file their opposition within twenty-one days after the filing of the notice of renewal selecting this option.  If plaintiff fails to file a notice of renewal within twenty-one days from the date of this order, the case shall proceed as scheduled in the December 29, 2010 discovery and scheduling order. (Dkt. No. 103.)

In light of this order, defendants' motion for extension is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 28, 2011 motion (dkt. no. 106) is denied without prejudice;

2. Plaintiff's March 4, 2011 motion for summary judgment (dkt. no. 107) is denied without prejudice;

3. Defendants' March 16, 2011 motion for extension of time is denied without prejudice;

4. Within twenty-one days from the date of this order, plaintiff shall file the attached Notice of Renewal of Motion selecting the option he wishes to pursue.  If plaintiff fails to timely file the Notice of Renewal of Motion, the case will proceed under the December 29, 2010 order. (Dkt. No. 103.)

5. If plaintiff opts to pursue one of these motions, defendants shall file a response or opposition to the motion plaintiff elects to pursue within twenty-one days from the filing of the Notice of Renewal of Motion.  Plaintiff's reply, if any, shall be filed seven days thereafter.

DATED: March 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2810.fb

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN HOLLIS,

     Plaintiff,          No. 2:08-cv-2810 GEB KJN P

  vs.

KOLLER, et al.,

     Defendants.       <u>NOTICE OF RENEWAL</u>

                      /       <u>OF MOTION</u>

     Pursuant to the court's order granting plaintiff twenty-one days to renew one of his recently-filed motions, plaintiff chooses the following option:

    \_\_\_\_  Plaintiff opts to pursue the motion to extend the discovery deadline. (Dkt. No. 106.) Plaintiff is not required to re-file the motion.

    \_\_\_\_  Plaintiff opts to pursue the motion for summary judgment. (Dkt. No. 107.) Plaintiff is not required to re-file the motion.

    \_\_\_\_  Plaintiff does not wish to pursue either motion; thus, this case will proceed as scheduled in the December 29, 2010 discovery and scheduling order. (Dkt. No. 103.)

DATED:

                                                                        _____
                                                                            Plaintiff