IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                                           No. 2:08-cv-2810 GEB KJN P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.                                    FINDINGS AND RECOMMENDATION

/

        Plaintiff is a state prisoner proceeding without counsel.  This action is proceeding on plaintiff's claim alleging defendants Koller, Plainer, Ingwerson, and Audette improperly handcuffed plaintiff, and denied plaintiff drinking water, access to the bathroom and orthopedic boots on November 9, 2007, and on plaintiff's claim alleging defendants Prater, Shaver and Koenig denied plaintiff a prescribed pillow and mattress from June 2008 to August 11, 2008. (Dkt. No. 89.)  On March 4, 2011, plaintiff filed a motion for summary judgment on these claims.   As explained more fully below, the court recommends that the motion for summary judgment be denied.

I.  Motion for Summary Judgment

        Plaintiff moves for summary judgment on the grounds that there are no genuine issues of material facts.  Defendants filed an opposition, and plaintiff filed a reply.

1

A. Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil procedure 56 is met. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c).) "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 Advisory Committee's Notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then

---

[1] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10, 2010. However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) Advisory Committee's Note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

By order filed November 16, 2009, the court advised plaintiff of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

B.  Application

First, as noted by defendants, plaintiff has failed to file a statement of undisputed facts as required by this court's Local Rules.  Local Rule 260(a).  This failure is grounds for denial of plaintiff's motion.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 774-75 (9th Cir. 2002) (citing see Huey v. UPS, Inc., 165 F.3d 1084, 1085 (7th Cir.1999) ( "[J]udges need not paw over the files without assistance from the parties."); Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir. 1988) (parties must designate specific facts and their location in the record when relying on deposition testimony).)  Resolution of the instant case is fact-intensive and turns on facts concerning events that took place over more than a few days.  Thus, failure to file a statement of undisputed facts makes it difficult to parse plaintiff's claims.  Plaintiff's motion should be denied based on his failure to comply with Local Rule 260(a).

Second, in his reply, plaintiff contends that he is entitled to summary judgment even in the face of plaintiff's failure to provide a statement of undisputed facts based on Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")  However, the Scott case is distinguishable.  In Scott, the court had benefit of a videotape of the

car chase at issue which clearly contradicted the plaintiff's account.  In the instant case, there is no videotape or other uncontested or incontrovertible evidence of the incidents, making it inappropriate to view the evidence in a light other than that most favorable to defendants as the non-movants here.  Plaintiff's reliance on Scott is unavailing.

Third, plaintiff has failed to show he is entitled to judgment as a matter of law.  Because plaintiff is the moving party, all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the defendants.  See Matsushita, 475 U.S. at 587.  In support of his motion, plaintiff has provided his own declaration, as well as the declarations of two other inmates who claim to have witnessed the events remaining at issue here.  However, defendants have provided their own declarations as to what transpired on the operative dates.  Each defendant denies any allegation of wrongdoing.  In his reply, plaintiff challenges many of these declarations as cumulative or misleading.  However, these declarations are admissible to defeat summary judgment.  The fact that plaintiff's declarations contain different facts than defendants' declarations demonstrates triable issues of fact that remain for resolution by the jury.  Because "[c]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage.  Anderson, 477 U.S. at 255.

For all of the above reasons, plaintiff's motion for summary judgment should be denied.

II. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's March 4, 2011 motion for summary judgment (dkt no. 107) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2810.msj