IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                         No. 2:08-cv-2810 GEB KJN P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.                     ORDER

/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On October 17, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed objections to the findings and recommendations.

      Plaintiff contends the court is required to liberally construe inartful pleadings and hold pro se litigants to a less stringent standard. (Dkt. No. 129 at 2.) Although the court holds a pro se prisoner complaint to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and will not dismiss a complaint due simply to

1

inartful pleadings, a party opposing summary judgment must present probative evidence to support the complaint to defeat summary judgment.  Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Plaintiff was informed of the specific requirements by order filed November 16, 2009.  (Dkt. No. 45 at 4.)  Moreover, an "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under § 1983." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 17, 2011, are adopted in full; and

2. The July 8, 2011 motion for summary judgment filed by defendants Prater, Shaver and Koenig (dkt no. 119) is granted.

Dated:  December 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Plaintiff contends the magistrate judge failed to consider or apply Jett.  However, in Jett, the prisoner submitted probative evidence of defendants' purposeful refusal to treat.  Id., 439 F.3d at 1097-98.  Here, the magistrate judge found that plaintiff "adduced no facts or evidence demonstrating that defendants Prater, Shaver or Koenig ignored or failed to respond to plaintiff's request for a pillow and new mattress, or that defendants intentionally interfered with or delayed plaintiff's receipt of a pillow or new mattress." (Dkt. No. 128 at 14.)  Thus, plaintiff's reliance on Jett is unavailing.